UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x
                                         :
UNITED STATES OF AMERICA                 :
                                         :
          - v. -                         :    08 Cr 535 (VM)
                                         :
COREY JONES,                             :
   a/k/a "C-Murder,"                     :
JASON JONES,                             :
                                         :
                Defendants.              :
- - - - - - - - - - - - - - - - - - - - x


**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' DISCOVERY MOTIONS**


                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the United States
                                    of America.


STEVE C. LEE
DAVID V. HARBACH, II
Assistant United States Attorneys
     - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - x
                                        :
UNITED STATES OF AMERICA                :
                                        :
            - v. -                      :    08 Cr. 535 (VM)
                                        :
COREY JONES,                            :
    a/k/a "C-Murder,"                   :
JASON JONES,                            :
                                        :
                Defendants.             :
- - - - - - - - - - - - - - - - - - - - x

### GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION
### TO DEFENDANT'S DISCOVERY MOTIONS

#### PRELIMINARY STATEMENT

        The Government respectfully submits this memorandum of
law in opposition to the defendant's pre-trial discovery motions
For the reasons set forth below, the Government respectfully
submits that the defendant's motions should be denied, except
where noted below.

#### BACKGROUND

        On or about May 29, 2008, Corey Jones, a/k/a "C-
Murder," and Jason Jones (collectively, the "defendants") were
charged by complaint in multiple counts, in relation to a murder
that occurred on or about May 24, 2008, in the vicinity of West
165th Street and Ogden Avenue, in the Bronx, New York.  The
defendants were arrested and brought into federal custody on or
about May 30, 2008.

        On or about June 12, 2008, the defendants were charged
in an Indictment ("the Indictment").  The Government has provided

discovery under FED. R. CRIM. P. 16 ("Rule 16"), and continues to provide discovery as it becomes available.  On August 1, 2008, the defendants submitted motions to this Court requesting additional discovery, including a bill of particulars, additional Rule 16 discovery, and mitigation discovery.

**ARGUMENT**

**I.   Defendants are Not Entitled to a Bill of Particulars Concerning Individuals Frank Jones Cooperated Against**

The defendants request that the Government be required to provide a bill of particulars setting forth the identities of individuals that the murder victim, Frank Jones, "furnished information about." (Defendant Corey Jones' Memorandum of Law ("Def. Mem.") at 2-3)[1].  The defendants, however, have not demonstrated a sufficient basis to require a bill of particulars. The defendants are not entitled to learn the identities of such individuals either through a bill of particulars, under Rule 16, or as mitigation discovery.  Accordingly, such a request should be denied.

The proper scope and function of a bill of particulars is to furnish facts supplemental to those contained in the indictment that are <u>necessary</u> to apprise the defendant of the charges against him with sufficient precision so as to enable him

---

[1]    Since defendant Corey Jones and defendant Jason Jones each join in and adopt the motions of the other, Government will refer to the motions collectively as the motions of both defendants.

to prepare his defense, to avoid unfair surprise at trial, and to preclude a second prosecution for the same offense. FED. R. CRIM. P. 7(f); United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990); United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987); United States v. Panza, 750 F.2d 1141, 1148 (2d Cir. 1984). "Those are the only legitimate purposes of a bill of particulars." United States v. Sindone, 2002 WL 48604, at *1 (S.D.N.Y. 2002). "A 'bill of particulars should be required only where the charges of the indictment are so general that they do not advise defendant of the specific acts of which he is accused.'" United States v. Berganza, 2005 WL 372045, at * 5 (S.D.N.Y. 2005). Accordingly, the ultimate test is whether the information sought is necessary, not whether it is helpful. See United States v. Earls, 2004 WL 350725, at *4 (S.D.N.Y. 2004); United States v. Lauerson, 1999 WL 440619, at *3 (S.D.N.Y. 1999).

The vehicle of a bill of particulars serves to inform a defendant of the nature of the charges against him, when he is otherwise insufficiently informed, and must not be misused to compel disclosure of how much the Government can prove, nor to foreclose the Government from using proof it may develop as the trial approaches. See United States v. Henry, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994). "[A] bill of particulars is not a general investigative tool, a discovery device, or a means to compel the government to disclose evidence or witnesses to be offered prior

to trial." United States v. Nunez, 2001 WL 91708, at *5
(S.D.N.Y. 2001); accord Earls, 2004 WL 350725, at *5.
"'Acquisition of evidentiary detail is not the function of a bill
of particulars'", Berganza, 2005 WL 372045, at *5 (quoting
Torres, 901 F.2d at 234), nor is the precise manner in which the
charged crimes were committed, see United States v. Andrews, 381
F.2d 377, 377-78 (2d Cir. 1967), or the manner in which the
Government will prove the charges, see United States v. Leonelli,
428 F. Supp. 880, 882 (S.D.N.Y. 1977). "So long as an indictment
and discovery sufficiently enable a defendant to avoid surprise
and prepare for trial, a bill of particulars is not warranted."
Berganza, 2005 WL 372045, at *5.

Here, the defendants request a bill of particulars
strictly as an investigative tool, to learn the identities of
other individuals with a possible motive to retaliate against
Frank Jones.  The use of a bill of particulars for such a purpose
is plainly improper.  The Indictment, complaint, and discovery
provide sufficient evidentiary detail to advise the defendants of
the specific charges against them and the basis for those
charges.  As a result, a bill of particulars concerning the
subjects of Frank Jones' cooperation is unnecessary, and
accordingly, defendants' request for a bill of particulars should
be denied.

Additionally, the defendants are also not entitled to

learn the identities of individuals Frank Jones cooperated
against as mitigation discovery or under Rule 16.  The purpose of
mitigation discovery is to provide information that bears upon
the statutory aggravating factors and mitigating factors to be
considered in determining whether a sentence of death is
justified, as set forth in Title 18, United States Code, Section
3592.  The identities of individuals that Frank Jones cooperated
against do not bear on any such factors.  Additionally, there is
no basis for the speculation that any of the individuals Frank
Jones cooperated against had anything to do with his murder.  If
the Government was aware of any material discoverable under Brady
v. Maryland, 373 U.S. 83 (1963), relating to any of these
individuals, it would have produced such materials to the
defendants.  Accordingly, for the aforementioned reasons, the
defendants' requests for the identities of individuals that Frank
Jones cooperated against should be denied.

## II.  Defendants are Not Entitled to Identities of Individuals at the Crime Scene and Witness Statements

The defendants also request that the Government provide
identities of all individuals known to be at the crime scene
during the time of the murder and statements of individuals
"other than Government trial witnesses." (Def. Mem. at 3-5).
Such a request, at this juncture of the case, is essentially a
request for a witness list and witness statements, and is
therefore, premature and should not be permitted.

5

The Government is well aware of its continuing obligations under Brady and has already produced such information to the defendants.  If other such information is learned from any witnesses, the Government will disclose such information.  The disclosure of names or statements of individuals who have not provided statements discoverable under Brady are either immaterial or not discoverable as the statements of potential Government witnesses.

Given the early stage of this case, the Government has not formulated a final order of proof, and consequently, has not made a final determination of its trial witnesses.  The Government is not under any obligation to make such determinations so far in advance of trial.  Any individual at the crime scene during the time of the murder is a potential Government witness and the Government should not be required to limit itself by determining well in advance of trial who is a potential witness and who is not, particularly since the investigation of the charged murder is ongoing.  As a result, providing the identities of individuals present at the crime scene around the time of the murder to the defendants would essentially give notice to the defendants of potential Government witnesses.  Numerous decisions from district courts in this Circuit and from the Court of Appeals "assume that the defendant has no right ordinarily to notice before trial of the Government

witnesses." United States v. Jacques Dessange, Inc., 2000 WL 280050 at \*9 (S.D.N.Y. 2000).   Thus, if a list of individuals present at the crime scene were required to be produced well in advance of trial, the settled rule that a criminal defendant ordinarily has no right to a witness list, (see, e.g., United States v. Fruchter, 104 F. Supp.2d 289, 312-13 (S.D.N.Y. 2000); United States v. Bin Laden, 92 F. Supp.2d 225, 244 (S.D.N.Y. 2000); United States v. Kelly, 91 F. Supp.2d 580, 585-86 (S.D.N.Y. 2000); United States v. Guastella, 90 F. Supp.2d 335, 344 (S.D.N.Y. 2000)), would effectively be meaningless.

The Government is also not required to provide information tantamount to an itemized preview of its proof because of the very real danger in criminal cases that the defendants will tailor their testimony to explain away the Government's pre-disclosed case.   See United States v. Cimino, 31 F.R.D. 277, 279 (S.D.N.Y. 1962).   In addition, particularly in a case of this nature, where the defendants are charged with retaliating against a Government witness, the Government should not be required to provide information that would, in effect, provide the defendants before trial with a preview of the Government's case and its witnesses, with all of the attendant risks to such disclosure.   "Discovery in criminal proceedings is not comparable to discovery in civil [proceedings] because of the nature of the issues, the danger of intimidation of witnesses,

and the greater danger of perjury and subornation of perjury."
United States v. Malinsky, 19 F.R.D. 426, 428 (S.D.N.Y. 1956).
As a court in this District has observed,

> The stakes in a criminal case are high, and
> temptations of perjury, subornation and
> intimidation are ever present.  Accordingly,
> the Government is not required to turn over
> information that will permit a defendant to
> preview the government's case and tempt him
> to tailor proof to explain it away, or see to
> it that the government's proof is not
> presented.

Sindone, 2002 WL 48604, at *1 (citing United States v. Simon, 30
F.R.D. 53, 55 (S.D.N.Y. 1962); Cimino, 31 F.R.D. at 279).

Likewise, defendants are not entitled to statements of
any individuals at or near the crime scene at the time of the
murder.  As stated before, the Government has not yet determined
which witnesses will be called to testify at trial.  As a result,
it would be premature to distinguish between statements of
witnesses and statements of those "persons who the Government
does not intend to call as witnesses." (Def. Mem. at 5).  The
defendants' request is essentially a request for disclosure of
early material of Jencks Act Material, under 18 U.S.C. § 3500.
In any event, the law is clear that the Government is under no
obligation under the Jencks Act, 18 U.S.C. § 3500 et seq., to
produce prior statements of its witnesses until after each has
testified on direct examination.  As recognized by the Second
Circuit, the statute governing production of Jencks Act material

8

prohibits a district court from ordering the disclosure of statements of Government witnesses any time before their direct testimony at trial.  United States v. Coppa, 267 F.3d 132, 145 (2d Cir. 2001).

> Title 18, United States Code, Section 3500 provides:
>
> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a) (emphasis added).

Neither the identities of individuals present at the crime scene nor any statements provided by such individuals are discoverable under Rule 16.  In fact, Rule 16 specifically states, "Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500." FED. R. CRIM. P. 16(a)(2).  The materiality standard set forth in Rule 16 concerns documents and tangible objects, but even assuming *arguendo* that a "materiality" standard applies here, the defendants cannot meet such a standard, particularly since Brady material has already been produced.  Before a defendant is entitled to discovery that is "material" to  the preparation of the defendant's case, there first must be a showing that the items requested are actually

9

material and the request is reasonable.  "Materiality means more
than that the evidence in question bears some abstract logical
relationship to the issues in the case."  United States v.
Maniktala, 934 F.2d 25, 28 (2d Cir. 1991).  A document is
material if its "pre-trial disclosure will enable a defendant to
alter significantly the quantum of proof in his favor."  United
States v. Giffen, 379 F.Supp.2d 337, 342 (S.D.N.Y. 2004).
Conclusory allegations are insufficient to establish materiality.
Id.  Here, the defendants request the identities of individuals
present at or around the crime scene around the time of the
murder merely for the purpose of investigation in the abstract,
rather than for any specified reason.  As a result, the
defendants cannot make a *prima facie* showing of materiality.  See
Maniktala, 934 F.2d at 28.

       As set forth above, the defendants are not entitled to
a list of the Government's witnesses or a preview of the
Government's evidence at trial, and in fact, the Government has
already provided Brady material concerning witnesses at the crime
scene to the defendant.  Accordingly, the defendants' requests
for the identities of individuals at the crime scene and their
statements should be denied.

## III. Defendants' Requests for Mitigation Discovery

       The Government has already provided the defendants with
the defendants' criminal histories, pre-sentence reports prepared

10

by probation, and documents concerning the defendants' violations
of supervised release.  The Government will also produce any
prison records that come into the Government's possession as well
as the criminal record of Frank Jones.  No probation record
exists concerning Frank Jones.

However, the Government is not obligated to provide the
cooperation agreement entered into by Frank Jones as mitigation
discovery.  As stated earlier, the purpose of mitigation
discovery is to provide information that bears upon the statutory
aggravating factors and mitigating factors to be considered in
determining whether a sentence of death is justified, as set
forth in Title 18, United States Code, Section 3592.  The
cooperation agreement between the Government and Frank Jones has
no bearing on any of these factors.

## IV.  Defendants' Other Discovery Requests

The defendants have also requested a copy of a letter
previously provided by Shakeinne Jones to Detective Steven Smith
of the 44th Precinct.  The Government will provide a redacted
copy of that letter to the defendants.  No report exists
concerning any statements made by Shakeinne Jones to ATF Special
Agent Michael Patrick.  The substance of Shakeinne Jones'
statements has already been disclosed through the prior hearing
testimony of Detective Daniel Mullarkey and Detective Steven
Smith.

11

The defendants also request "an explanation for why a Government witness was shown single mugshots of Jason and Corey Jones rather than a photospread and whether of not this witness is the same 'mystery witness' described in... the Complaint." (Def. Mem. at 8). The Government has produced photographs of the defendants shown to a witness with the witness's identity redacted. The defendants are not entitled under Rule 16 for any explanation on why single photographs were shown to this witness rather than a photo spread. Additionally, the defendants are not entitled to information on whether the witness who identified the defendants from these photos is the same witness referenced in Complaint.

The defendants also request "an explanation of why building surveillance tapes taken during the May 23-May 24 time period at 1074 Summit Avenue in the Bronx... were viewed by law enforcement personnel but not secured." (Def. Mem. at 8). The Government will provide information concerning the review of such surveillance tapes to the defendants.

12

## CONCLUSION

Accordingly, with the exceptions noted above, the defendants' motions for additional discovery should be denied.

Dated:    New York, New York
          August 15, 2008

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By:  _____
     Steve C. Lee
     David V. Harbach, II
     Assistant United States Attorney
     Tel.: (212) 637-2413/2606

13