UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA

        -vs-                                                      08 Cr. 535 (VM)

COREY JONES,
JASON JONES,

                                  Defendants.

------------------------------------------------------------X

## REPLY MEMORANDUM

### Statement

This memorandum is submitted in reply to the Government's opposition to motions for discovery filed by Corey Jones and Jason Jones. The Government's over arching theme is that by these discovery requests we are attempting to discover those parts of the Government's case that are outside of the discovery allowed under Rule 16 of the Federal rules of Criminal Procedure and, insofar as mitigation discovery is concerned, that such discovery is limited to the statutory aggravators and mitigators.

In regard to the latter argument, that is sheer nonsense as is demonstrated by the quotation from the DOJ, manual in our memorandum in support of the motion (p-3). The cooperation or plea agreement of the victim will have the full panoply of crimes that he was accused of and admitted to in order to gain his "deal". Who he is and what kinds of crimes he has committed are indeed mitigation since the death penalty may well be more appropriate for the murder of a

1

sinner than a saint. Constitutionally effective advocacy on the death penalty also includes argument that the possibility that others with real reason to "retaliate" may well have perpetrated the crime.[1]

The real crux of the Government's primary argument is that, by requesting the names and addresses of persons who were at the scene, we are seeking to obtain names of their witnesses and the Government has merely not decided who among them to call at trial. This argument is merely an attempt by the Government to keep the playing field tilted in its direction. These are the factors that the Court should consider:

1. The shooting took place on a public street. The defendants were not arrested at the scene. The N.Y.P.D. (The investigating authority) probably spoke to dozens of people who they determined were of no value.

2. The defense has no way to replicate this investigation independently.

3. N.Y.P.D.'s evaluation of what those "witnesses" had to offer should not be relied on as conclusive. The Government has already demonstrated in this case that its view of what is exculpatory material is particularly concrete. That said, since the initial investigation was performed by local police, and agency whose reputation for devotion to nuance is not notorious, there is a strong possibility that "witnesses" to the events that have been ignored by the Government may well lead the defense to evidence by which the defendants can be exhonerated.

4. We do not seek Jenks Act material. We seek access to witnesses who did not implicate

---

[1] Whether that would lead to reasonable doubt at a trial at the guilt phase is irrelevant as residual doubt is a recognized mitigator and the fact that the deceased had myriad serious enemies who might be prone to violence would seem to be more powerful than usual as to that mitigator.

our clients.[2]

The Government's reliance on the language of Rule 16, "Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500" (Government memorandum page 9) is misplaced as the people we seek are either not contemplated at all as Government witnesses or because the government is keeping their identities close as denominating them as "prospective" merely to foil an independent investigation which may turn up evidence useful to the defense.

The motions for discovery should be granted.

                                              Respectfully submitted

Frederick H. Cohn
Attorney for the defendant Jason Jones
61 Broadway
Suite 1601
New York, NY 10006
212-768-1110

---

[2]We assume that if the witnesses affirmatively implicated someone else or exonerated our clients, the Government would both give us their statements and provide contact information.